IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM EDWARDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-21-CV-835-FB |
| § | |
| STAT EMERGENCY CENTER, LLC, § | |
| § | |
| Defendant. § | |

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH CONTRACTUAL DISPUTE RESOLUTION CLAUSE AND ORDER OF ADMINISTRATIVE CLOSURE

Before the Court are Defendant's Motion to Compel Compliance with Contractual Dispute Resolution Clause and Motion to Dismiss Under Rule 12(b)(1) (docket #17); Plaintiff's Response to Motion to Compel Compliance with Contractual Dispute Resolution Clause and Motion to Dismiss Under Rule 12(b)(1) (docket #18); and Defendant's Reply to Plaintiff's Response to Motion to Compel Compliance with Contractual Dispute Resolution Clause and Motion to Dismiss Under Rule 12(b)(1) (docket #19).

Defendant asks this Court to compel Plaintiff Adam Edwards to comply with the contractual dispute resolution clause he agreed to when he joined Stat Emergency Center, LLC as a member and to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, defendant asks that the case be stayed during arbitration. In response, Plaintiff maintains Defendant has waived the dispute resolution clause by failing to invoke it when Plaintiff filed his EEOC charge, when the right to sue letter was issued, and by filing a motion to dismiss in this Court. Plaintiff also claims he has prejudiced by these actions.

Defendant in reply contends that Plaintiff has failed to demonstrate waiver or prejudice. Defendant asks the Court to enforce the arbitration agreement in this case as there is no dispute a valid agreement to arbitrate exists and the current dispute falls within the scope of that valid agreement. Moreover, Defendant notes the Plaintiff previously filed an affidavit in this case swearing that "No binding arbitration agreement exists between me and STAT Emergency Center, Inc. and/or Emergency Physicians of Laredo, PLLC," but is no longer disputing his claims are subject to the Dispute Resolution Clause. Defendant contends it has not waived its right to arbitrate the claims in this case by filing a motion to dismiss or by not seeking arbitration before the EEOC. Defendant also contends Plaintiff has not been prejudiced.

There is no question that the right to arbitrate a dispute is subject to waiver as are all contract rights. *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). However, waiver of arbitration is not favored and will be found "'when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Id*. (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). No bright-line rule exists in determining whether the right to arbitration has been waived because the question of what constitutes waiver can only be answered by the facts of each case. *Tellez v. Madrigal*, 292 F. Supp. 3d 749, 757 (W.D. Tex. 2017). Therefore, this Court must first determine if the defendant substantially invoked the judicial process, and if so, whether plaintiff was prejudiced by defendant's invocation. *Diverse Enters., Ltd. Co., LLC v. Beyond Int'l, Inc.*, Civil No. SA-16-CV-1036-RCL, 2017 WL 4276832 at *5 (W.D. Tex. Sept. 22, 2017).

Generally, a party "invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas*, 565 F.3d at 907. At the very least, the party must "engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Republic Ins.*, 383 F.3d at 344 (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). In addition, "'a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate.'" *Id*.

Here, Plaintiff contends that by the time this case was filed, Defendant already had failed to invoke the arbitration provisions at two critical junctures and thereby waived its application. The first occurred when Defendant received notice of Plaintiff's EEOC charge filing and the second occurred when Defendant received notice of Plaintiff's right to sue letter. After this case was filed, Defendant filed a motion to dismiss seeking dismissal for failure to exhaust administrative remedies and lack of standing instead of immediately invoking the arbitration provision. Plaintiff maintains the Defendant knew about the dispute resolution clause at all times since its effective date of June 1, 2015, but was "motivated to seek a judicial resolution prior to raising the arbitration agreement." Plaintiff's Response to Motion to Compel, docket #18 at page 4. Plaintiff claims he will be prejudiced if the Defendant is allowed to compel arbitration at this time because he had to file a response to a Motion to Dismiss and also to the Motion to Compel and has incurred expenses for the judicial proceedings. The Motion to Dismiss forced Plaintiff to "reveal [his] legal and factual contentions and now the Defendant "wants to force the Plaintiff to re-litigate in arbitration, thereby getting a second bite at the apple." *Id.* at page 5. The Court disagrees.

As the record reflects, this case was filed on September 1, 2021, and Plaintiff filed an Amended Complaint on September 28, 2021. On November 15, 2021, Defendant filed its Motion to Dismiss to which the Plaintiff filed his response on December 15, 2021. In its Reply to Plaintiff's Response to the Motion to Dismiss Defendant Stat advised the Court as follows:

> Stat invokes and does not waive its rights under the Dispute Resolution clause and will ask Edwards to proceed with that process. If Edwards agrees to abide by the procedures outlined in the Dispute Resolution clause, then Stat will ask the Court to dismiss this suit without prejudice. But if Edwards does not agree, then Stat will ask the Court to compel arbitration. Stat will notify the Court within seven calendar days on how the parties will proceed.

<u>Defendant's Reply to Plaintiff's Response to Motion to Dismiss</u>, docket #16, filed January 11, 2022, at page 3. On January 18, 2022, the Defendant filed the instant motion, followed by the response, and reply as set forth above. No other action has been taken by the parties since that time as they have been awaiting a ruling by the Court on both of the pending motions.

Accordingly, based on the facts presented, the Court finds the extent to which the Defendant engaged in the judicial process does not rise to the level of being substantial as the Defendant sought to compel arbitration within four months of the suit being filed and before this Court ruled on the Motion to Dismiss. In fact, as set forth above, the Defendant notified the Court in its Reply that it would be invoking its rights under the arbitration clause and seeking to compel arbitration if the Plaintiff did not agree. Unlike other cases in which waiver by the defendant has been found, here the Defendant has taken no other action other than the filing of the Motion to Dismiss. Typically, an "unruled-on motion to dismiss [] does not qualify as substantial invocation" of the judicial process. *Maldonado v. Firstservice Residential, Inc*., No. CV H-20-1484, 2021 WL 966064, at *5 (S.D. Tex. Mar. 15, 2021); *see Pacheco v. PCM Const. Servs., LLC*, 602 F. App'x 945, 948 (5th Cir.

2015) (judicial process not substantially invoked where motions to dismiss dealing with narrow ancillary issues had not been ruled on when the motion to compel arbitration was filed); *In re Mirant Corp.*, 613 F.3d 584, 589-90 (5th Cir. 2010) (finding defendant waived its right to compel after filing three motions to dismiss); *Tellez v. Madrigal*, 292 F. Supp. 3d 749, 758-61 (W.D. Tex. 2017) (court found defendant substantially invoked the judicial process "in light of Defendant's attempts to have the Court dismiss Plaintiff's claims on varying grounds, his petition to the Fifth Circuit when the Court denied those attempts, his inconsistent positions on the availability of arbitration, and his failure to subsequently demand arbitration after conceding the agreement's validity"; the court noted these actions "'evince[d] a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999))); *see also Williams v. Cigna Fin. Advisors*, 56 F.3d 656, 661 (5th Cir. 1995) (finding no substantial invocation of the judicial process and waiver of right to arbitrate where "Cigna removed the action to federal court, filed a motion to dismiss, filed a motion to stay proceedings, answered Williams' complaint, asserted a counterclaim and exchanged rule 26 discovery."); *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (no waiver where motion for summary judgment filed concurrently with motion to compel arbitration). Because this Court finds the Defendant did not substantially invoke the judicial process, the prejudice element need not be addressed. *Pacheco v. PCM Const. Servs., L.L.C.*, 602 F. App'x 945, 949 (5th Cir. 2015)

Accordingly, based on the foregoing and the arguments and authorities presented by the Defendant in its motion and reply, IT IS HEREBY ORDERED that Defendant's Motion to Compel Compliance with Contractual Dispute Resolution Clause (docket #17) is GRANTED such that the parties are ORDERED to arbitration and this case is STAYED pending arbitration. IT IS FURTHER

ORDERED that Defendant's Motion to Dismiss Under Rule 12(b)(1) is DENIED but because the arbitration may dispose of all claims presented, this case is HEREBY CLOSED ADMINISTRATIVELY pending either side's application for further relief within fourteen days of the conclusion of the arbitration.  IT IS FURTHER ORDERED that the Motion to Dismiss (docket #9) is DENIED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 29th day of September, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE